RECEIPT NUMBER
519281

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN M. OKROS,

    Plaintiff,

vs.

ANGELO IAFRATE CONSTRUCTION
COMPANY, a Michigan corporation,

    Defendant.
_____/

JUDGE : Battani, Marianne O.
DECK  : S. Division Civil Deck
DATE  : 01/07/2005 @ 09:42:34
CASE NUMBER : 5:05CV60006
CMP JOHN M OKROS V ANGELO
IAFRATE CONSTR (DH)

MAGISTRATE JUDGE MORGAN

Teresa J. Gorman (P61001)
Kenneth J. Hardin II (P44681)
Hardin & Associates, P.C.
30150 Telegraph Road
Suite 345
Bingham Farms, MI 48025
(248) 723-9900
_____/

U.S. DIST. COURT CLERK
EAST DIST. MICH.
DETROIT-PSG

'05 JAN -7 A9 54

FILED

## COMPLAINT

Plaintiff, JOHN M. OKROS, by and through his attorneys, HARDIN & ASSOCIATES, P.C., states:

### JURISDICTION AND PARTIES

1. This suit is brought pursuant to the Americans With Disabilities Act, 42 USC §12101, et seq.

2. This court has jurisdiction pursuant to 28 USC §1331 and 42 USC §12107.

3. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 300 days

of the commission of the unlawful employment practice alleged in this Complaint.

4. Plaintiff received notice of the right-to-sue letter from the EEOC on October 25, 2004, and has filed this Complaint within 90 days of receiving the EEOC's notice of the right to sue.

5. Plaintiff is a citizen of the United States and resides in Harrison Township, Michigan.

6. Defendant is a Michigan corporation doing business in Warren, Michigan.

7. Plaintiff was Defendant's employee within the meaning of the Americans With Disabilities Act, 42 USC §12101, et seq.

8. Defendant meets all of the requirements for employer status under the Americans With Disabilities Act, 42 USC §12101, et seq.

9. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

10. The events giving rise to this cause of action occurred in the Eastern District of Michigan. Accordingly, venue lies in the United States District Court for the Eastern District of Michigan, Southern Division, under 28 USC §1391(b).

## STATEMENT OF FACTS

11. Plaintiff incorporates by reference paragraphs 1-10.

12. Plaintiff was hired by Defendant in or about 1995, resigned his employment for a period of time, and was then rehired by Defendant in April 2001 as a field engineer and an equipment operator.

13. Plaintiff consistently performed his job duties in an above average manner.

14. Plaintiff is a qualified individual with a disability; i.e. Tourette's Syndrome.

15. On or about October 4, 2001, Defendant's officer and agent and Plaintiff engaged in a telephone conversation wherein Defendant's agent specifically stated that Plaintiff was being terminated because Defendant regarded him as a liability due to his Tourette's Syndrome.

## COUNT I
## VIOLATIONS OF
## THE AMERICANS WITH DISABILITIES ACT, 42 USC §12101, et seq.

16. Plaintiff incorporates by reference paragraphs 1-15.

17. At all relevant times, Plaintiff was an individual with a disability within the meaning of the Americans With Disabilities Act, 42 USC §12102(2). Specifically, Plaintiff has a physical or mental impairment that substantially limits one or more of his major life activities, has a record of the impairment, and is regarded by Defendant has having the impairment.

18. Plaintiff is a qualified individual with a disability as that term is defined in the Americans With Disabilities Act, 42 USC §12111(8). Plaintiff is an individual who, with or without a reasonable accommodation, can perform the essential functions of his job as a field engineer or equipment operator at Defendant's company.

19. Defendant's decision to terminate Plaintiff specifically because it regarded Plaintiff as a "liability" because of his disability constitutes discrimination against Plaintiff in respect to the terms, conditions and/or privileges of employment. This conduct constitutes a violation of the Americans With Disabilities Act. 42 USC §12112.

20. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

3

21.   As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered lost wages, benefits, loss of employment opportunities; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

WHEREFORE, Plaintiff JOHN M. OKROS prays that this Honorable Court grant the following remedies:

A.   Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans With Disabilities Act, 42 USC §12101, et seq.

B.   Award Plaintiff all lost wages, past and future, to which he is entitled;

C.   Award Plaintiff compensatory damages;

D.   Award Plaintiff punitive and exemplary damages;

E.   Award Plaintiff liquidated damages;

F.   Award Plaintiff reasonable attorney's fees, costs and interest;

G.   Award such other relief as this Court deems just and proper.

HARDIN & ASSOCIATES, P.C.

*Teresa J. Gorman*

Teresa J. Gorman (P61001)
Kenneth J. Hardin II (P44681)
30150 Telegraph Road, Suite 345
Bingham Farms, MI 48025
(248) 723-9900

Dated:      January 3, 2005

## JURY DEMAND

Plaintiff demands a jury trial.

                                              HARDIN & ASSOCIATES, P.C.

                                              */s/ Teresa J. Gorman*

                                              Teresa J. Gorman (P61001)
                                              Kenneth J. Hardin II (P44681)
                                              30150 Telegraph Road, Suite 345
                                              Bingham Farms, MI 48025
                                              (248) 723-9900

Dated:       January 3, 2005

COUNTY IN WHICH ACTION AROSE: Macomb

JS 44C
(Rev. 12/84)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**05-60006**

### I. (a) PLAINTIFFS
JOHN M. OKROS

### DEFENDANTS
ANGELO IAFRATE CONSTRUCTION COMPANY, a Michigan Corp.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Macomb
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE MORGAN

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans with Disabilities Act - 42 USC 12101.

### V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | | ☐ 690 Other | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence 28 USC 2255 | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Accommodations | ☐ 540 Mandamus & Other | | ☐ 871 IRS Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | | | | |
| ☐ 290 All Other Real Property | | | | | |

### VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $ 75,000+
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY
None
JUDGE _____ DOCKET NUMBER _____

DATE 1/5/05

SIGNATURE OF ATTORNEY OF RECORD: Elizabeth A. Pyplen

UNITED STATES DISTRICT COURT

## PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: