# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN M. OKROS,

        Plaintiff,

v.

CIVIL CASE NO. 05-60006
HON. MARIANNE O. BATTANI

ANGELO IAFRATE CONSTRUCTION COMPANY,

        Defendant.

_____/

## OPINION AND ORDER

**I.    INTRODUCTION**

Before the Court is Defendant's Motion for Relief From Judgment (Doc. #64) and Defendant's Motion to Allow Subpoena Duces Tecum and Deposition of Non-Parties (Doc. #65). In its motion for relief from judgment, Defendant contends that the Court erred by reinstating the jury award of $200,000 for compensatory damages after reducing Plaintiff's damages under the statutory cap found in 42 U.S.C. § 1981a. Defendant also contends that the Court should set aside the judgment because a fraud was perpetrated on the Court. In Defendant's motion to allow subpoena duces tecum, Defendant seeks permission to subpoena a non-party in order to preserve evidence for appeal.

**II.    STATEMENT OF FACTS**

Plaintiff sued Defendant for unlawfully terminating his employment because he has Tourette's Disorder. A four-day trial was held in November 2006. Plaintiff's case primarily

relied on a phone call Plaintiff made the day he was fired. Plaintiff claimed he called his ex-boss on a speaker phone from his apartment in the presence of several friends. He and his friends claim they heard him make a derogatory comment about his Tourette's Disorder symptoms. During discovery, Defendant sought Plaintiff's phone number at the time the call was made in order to verify from the phone records whether the call was in fact made. At his deposition in 2005, Plaintiff equivocally gave a number that he believed belonged to his apartment at the time. Defense counsel did not ask any follow-up questions regarding the number. Plaintiff's counsel stated off the record that she attempted to subpoena the records for the number Plaintiff recited, but none were available. Defense counsel made an informal inquiry to the phone company for the records of the number Plaintiff gave in his deposition. No records for that number existed.

The jury awarded Plaintiff $200,000 for compensatory damages, $300,000 for mental anguish, and $500,000 in punitive damages. Pursuant to the statutory cap on emotional and punitive damages in 42 U.S.C. § 1981a, on January 25, 2007, the Court entered a judgment in Plaintiff's favor for $400,000 plus interest. The reduced award reflected $75,000 for emotional damages, $125,000 for punitive damages, and $200,000 in compensatory damages.

On January 25, 2007, two months after trial, Defendant subpoenaed the telephone records for a new number he discovered belonged to Plaintiff's girlfriend at the time he was terminated.[1] It is undisputed that Plaintiff resided with his girlfriend at the time he allegedly placed the phone call to his ex-boss from the phone in their apartment. Defense counsel was moved to conduct a search of Defendant's cellular phone records after Plaintiff testified at trial that he was in

---

[1] Plaintiff listed this number, his actual number at the time, on at least one document in his personnel file and on the EEOC complaint.

possession of a company cellular phone around the time he was fired. A search of the records revealed two numbers that Plaintiff often called: one belonged to his mother, the other belonged to his girlfriend for the phone in their apartment. The subpoenaed records revealed that Plaintiff did not call his ex-boss on the day he was fired. Plaintiff filed a motion to quash the subpoenas on February 2, 2007. Defendant filed a Motion for New Trial, or in the Alternate for Remittitur, four days later.

The Court granted Plaintiff's motion to quash on March 14, 2007. On March 23, the Court denied Defendant's motion for a new trial, but granted the motion for remittitur in part, reducing Plaintiff's punitive damages to zero. After reducing Plaintiff's punitive damages to zero, the Court recalculated Plaintiff's compensatory damages in order to fit within the statutory cap and the jury's award. Thus, the Court reinstated Plaintiff's compensatory damage award to $200,000.

On April 2, 2007, Defendant filed its motion to set aside judgment, and two days later filed its motion to allow it to issue subpoenas of the phone records.

## III. STANDARD OF REVIEW

### A. Motion for Relief From Judgment

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . .

FED. R. CIV. P. 60(b).

### B. Motion to Allow Subpoena

If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which

> the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court.

FED. R. CIV. P. 27(b). "A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." FED. R. CIV. P. 34(c).

## IV. ANALYSIS

### A. Damages

The Court reduced, in a pro rata fashion, the $200,000 compensatory damages award and the $500,000 punitive damages award to a $75,000 compensatory damages award and $125,000 punitive damages award to mathematically arrive at the $200,000 damages cap mandated by 42 U.S.C §1981a. After Defendant file a motion for remittitur, the Court then reduced the punitive damages award to $0, and reinstated the original jury award of $200,000 compensatory damage award, as that amount was still allowed under the cap. Defendant argues that the Court was not authorized to *sua sponte* reinstate the pre-cap award after its motion for remittitur was partially granted. Defendant contends that the only permissible way for the Court to alter or amend a judgment is if a Rule 59 motion is brought by a party ten days after entry of judgment. Plaintiff, on the other hand, contends that the Court has discretion to reverse the reduction of the compensatory damages and reinstate the original jury award for compensatory damages.

Both parties cite a pair of cases in support of their arguments. Defendant first cites <u>Hines v. Grand Casino of La., L.L.C.--Tunica-Biloxi Indians</u>, 358 F.Supp. 2d 533 (W.D. La. 2005). In that case, a former employee sued her former employer for sexual harassment, and after entry of

4

a jury verdict in her favor, the former employer moved for new trial, for judgment as matter of law, and to remit judgment. After reducing the punitive and compensatory awards in an apportioned amount to comply with 42 U.S.C. § 1981a, the court then considered the appropriateness of those amounts. The court went on to further reduced the compensatory award, finding that "[c]onsidering the vague, conclusory testimony of Ms. Hines and her boyfriend as well as the limited and time-distant opinion of the non-treating physician, the Court is shocked at the statutorily-reduced award of $130,000 in compensatory damages." Hines, 358 F.Supp.2d at 551. Likewise, the court further reduced the punitive damages because the plaintiff's demotion would not have resulted in a loss of pay, nor different job duties. Id., at 553.

Defendant next cites Lust v. Sealy, Inc., 277 F.Supp. 2d 973 (W.D. Wis. 2003), aff'd as modified by Lust v. Sealy, Inc., 383 F.3d 580 (7th Cir. 2004). In Lust, the plaintiff sued her employer for sex discrimination under Title VII. She received a jury verdict in her favor, and the jury awarded her $100,000 in compensatory damages and $1 million in punitive damages. The district court judge applied the cap in 42 U.S.C. § 1981a, proportionally reducing the total damages award to $300,000 - $27,000 for emotional distress and $273,000 in punitive damages. The court refused to further reduce the emotional damage award, finding that the amount was not excessive. The court also refused to reduce the punitive damage award because the after-cap award also was not excessive. The Seventh Circuit upheld the district court's proportional reduction. However, the court reduced the punitive damage award because it was "concerned that to uphold the award of the maximum damages allowed by the statute in a case of relatively slight, because quickly rectified, discrimination would impair marginal deterrence." Lust, 383 F.3d at 591.

5

Plaintiff first cites Hogan v. Bangor and Aroostook R. Co., 61 F.3d 1034 (1st Cir. 1995), in support of his argument that the Court may reinstate the original compensatory jury award. However, Hogan is inapplicable to this case, because the First Circuit reinstated the jury's original compensatory damage award after the district court applied the statutory cap pursuant to its power under 28 U.S.C. § 2106.[2] Hogan, 61 F.3d at 1037.

Plaintiff also cites a Seventh Circuit case, where the court held,

> The statute contains no command as to how a district court is to conform a jury award to the statutory cap. . . . . Noting "its great respect for jury decisions," the court took action to preserve the jury's determination that the judgment of the court ought to reflect the award of both punitive and compensatory damages.

Jonasson v. Lutheran Child and Family Servs., 115 F.3d 436, 441 (7th Cir. 1997).

None of the cases cited by either party involve the situation the Court is confronted with; nevertheless, they are instructive. The cases cited by Defendant stand for the proposition that a court may further reduce awards after applying the statutory cap if the facts and circumstances of the case call for such action. In other words, if a court is called upon to examine a jury's award, the court must determine the appropriateness of that award, even if the award was already statutorily reduced. Likewise, the applicable case cited by Plaintiff stands for the proposition that a district court has latitude to conform a jury's award to the statutory cap. In this case, the Court determined after Defendant's motion for remittitur, punitive damages were not warranted, but that the jury's compensatory damage award was. After eliminating the punitive damages, the

---

[2] That statute provides: "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

Court took action to preserve the jury's determination of compensatory damages in conformity with the statutory cap. See Jonasson, 115 F.3d at 441. Defendant has not cited any case or statutory law whereby the Court is prohibited from taking action to conform a jury's award to the statutory cap once punitive damages have been remitted, therefore, the Court DENIES Defendant's motion to alter the damage award.

### B. Relief From Judgment

Defendant next requests the Court to set aside the judgment because Plaintiff perjured himself during his deposition and at trial. The Court will treat Defendant's motion as a motion under Rule 60(b)(3), and not as one for a fraud upon the court for two reasons. First, Defendant's motion is premised on the allegation that Plaintiff committed perjury, and not on allegation that Plaintiff's counsel intentionally misled the Court.

> [T]he elements of fraud upon the court as consisting of conduct:
> 1. On the part of an officer of the court;
> 2. That is directed to the "judicial machinery" itself;
> 3. That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
> 4. That is a positive averment or is concealment when one is under a duty to disclose;
> 5. That deceives the court.

Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993). Plaintiff is not an officer of the court. Moreover, "[a]llegations of nondisclosure during pretrial discovery are not sufficient to support an action for fraud on the court. 11 C. WRIGHT & A. MILLER, FED. PRAC. & PROC. s 2870, p. 254 (1973); nor is the alleged perjury of a witness a ground for an action for fraud upon the court. Id. at 256." H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1118 (6th Cir. 1976). Second, Defendant specifically references FED. R. CIV. P. 60(b)(3) in its motion.

> [A] 60(b)(3) motion may be granted where the court is "reasonably well satisfied that the testimony given by a material witness is false; that, without it, a jury might have reached a different conclusion; that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after trial."

Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425, 428 (6th Cir. 1996) (citations omitted). Those factors must be weighed in light of "the 'public policy favoring finality of judgments' limit[ing] the availability of relief under . . ." Rule 60. GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 372 (6th Cir. 2007).

Even though the Court quashed Defendant's subpoena, which is the basis for its perjury allegation, the Court cannot view Defendant's motion in a vacuum and ignore the evidence of perjury. Nevertheless, as the Court has already indicated, Plaintiff's actual telephone number was listed in a number of documents readily available to Defendant prior to trial. See March 23, 2007, Mot. Hr'g Tr., at 23, 32-33. Because Plaintiff's actual telephone number was readily available for Defendant to discover prior to trial, the Court finds that Defendant cannot now claim to be surprised by the false testimony, or that it was unable to counter the testimony at trial.

Defendant also contends that its failure to discover Plaintiff's true phone number was a result of assurances given by Plaintiff's counsel that records for his number did not exist. "Failure to disclose or produce material requested in discovery can constitute 'misconduct' within the purview of 60(b)(3)." Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425, 428 (6th Cir. 1996). However, Plaintiff's counsel's representations that no records existed were based on the incorrect number cited by Plaintiff at his deposition. Plaintiff's counsel was unable to obtain records for that number either because it never existed as a valid number, or because the records

8

were destroyed in the ordinary course of business. However, there is nothing to lead the Court to believe that Plaintiff's counsel knew that Plaintiff intentionally recited an incorrect number at his deposition, or that Plaintiff lied about placing the phone call. It would be unlikely that Plaintiff would deliberately give a false number when he knew Defendant had his telephone number in its records. Nor is there any evidence that Plaintiff's counsel withheld Plaintiff's actual number from Defendant in the face of a specific request for the number. Thus, there is no evidence of misconduct on Plaintiff's counsel's behalf. Therefore, the Court DENIES Defendant's motion for relief from judgment based on Plaintiff's alleged perjury.

  **C. Subpoena**

Finally, Defendant asks the Court to allow it to issue a subpoena to AT&T to preserve Plaintiff's phone records and to allow it to depose employees of several telephonic service providers about the subscriber and toll call information for the phone located in Plaintiff's apartment, as well as, the two numbers Plaintiff dialed on the night in question.

> When two parties have opposed each other in a protracted lawsuit tried to judgment, and the losing party's motion for relief under Rule 60(b) does not indicate to the Judge who presided at the trial that his Court has been victimized by the fraud of the winning party, it is well within his discretion to require the moving party to make a showing in support of its allegations before requiring the prevailing party to submit a second time to extensive discovery to protect his judgment.

H. K. Porter, 536 F.2d at 1119. As stated above, the Court cannot view Defendant's motion as though it never received the records in question from AT&T. In light of the evidence that Plaintiff committed perjury in his testimony about calling Iafrate Company on the night he was terminated, the Court will GRANT Defendant's motion in part, allowing it to subpoena AT&T's

records for the purpose of preserving those records should Defendant's appeal be successful. However, the Court DENIES Defendant's request to depose phone company employees.

V. **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Relief From Judgement is **DENIED. IT IS FURTHER ORDERED** that Defendant's Motion to Allow Subpoena Duces Tecum and Deposition of Non-Parties is **GRANTED** in part, and **DENIED** in part. The Court **HEREBY GRANTS** Defendant's request to subpoena Plaintiff's phone records in order to preserve those records for appeal, but **DENIES** Defendant's request to depose non-party representatives of the telephone companies.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: June 20, 2007

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK