UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN M. OKROS,

        Plaintiff,

v.                                                                              Case No. 05-60006
                                                                                HON. MARIANNE O. BATTANI
ANGELO IAFRATE CONSTRUCTION
COMPANY,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL

On January 25, 2007, this Court entered judgment on a jury verdict against Plaintiff John Okros's former employer, Angelo Iafrate Construction Company, for firing Okros in violation of the American with Disabilities Act, 42 U.S.C. § 12101 et seq. Defendant moved for a new trial pursuant to FED. R. CIV. P. 59, which the Court denied.

Defendant appealed the Court's denial of his motion for a new trial, and the Court of Appeals remanded this matter for proceedings consistent with its opinion that this court's failure to consider the prospect of fraud on the court constituted an abuse of discretion. Okros v. Angelos Iafrate Construction Company, No. 07-1455, 2008 WL 4682613 (6th Cir. October 17, 2008).

After the Court received the February 5, 2009, Mandate from the Court of Appeals, it ordered the parties to submit briefs. It has reviewed the pleadings and for the reasons that follow, the Court **GRANTS** Defendant's Motion for a New Trial.

## I. FACTUAL BACKGROUND

Plaintiff sued Defendant for unlawfully terminating his employment because he has Tourette's Syndrome. At trial, Plaintiff supported his claim through testimony about

a phone call Okros made the day he was fired. According to Plaintiff, he called his former boss, Dave Michael, the Vice President of Operations for Iafrate. Okros testified that he used a speaker phone located in the bedroom of the apartment Plaintiff shared with his girlfriend. Several friends were present when the call was made, and Okros and his friends all testified that they heard Michael make a derogatory comment about the symptoms Plaintiff's experienced due to Tourette's.

Michael denied the phone call even occurred. The jury apparently credited Plaintiff's story, and awarded damages to Plaintiff.

After the trial, Iafrate discovered that the phone records showed no call was made. It requested a new trial on the basis of the newly discovered evidence. The Court denied the motion, finding that Iafrate could have discovered the evidence earlier. It is undisputed that at trial, Plaintiff's counsel stated in the presence of the jury, that he and the EEOC had subpoenaed the phone records and been advised that the records did not exist. In fact, no subpoena had been issued.

On appeal, the Sixth Circuit Court of Appeals found that Defendant's failure to frame the issue as fraud on the court did not preclude review on that ground. Accordingly, the Sixth Circuit Court of Appeals' exercised its discretion and reframed the issue given the clear outcome, the evidence that was before this Court, and the briefing addressing the issue on appeal. Id. at * 6. The court examined the elements of the claim and remanded the matter to this Court with instructions to decide the issue employing the standard articulated in Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993).

## II. STANDARD OF REVIEW

For Defendant to establish its claim that the judgment was procured by fraud upon the court, it must show the following factors:

> [C]onduct, (1) On the part of an officer of the court; (2) That is directed to the judicial machinery itself; (3) That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; (4) That is either a positive averment or is concealment when one is under a duty to disclose;(5) That deceives the court.

Id. at *7 (quoting Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993)).

When reviewing the factors, the Court must keep the need for finality of judgments at the forefront. Consequently, the deceit at issue must be "deemed sufficiently serious to warrant upsetting an otherwise settled judgment only if it "actually subvert[ed] the judicial process" by preventing the judicial machinery from performing in the usual manner to impartially adjudge the case presented." Demjanjuk, 10 F.3d at 352.

## III. ANALYSIS

The only factor in dispute is whether counsel for Plaintiff, "either knew his statement was false, or he was wilfully blind to the truth or acted in reckless disregard for the truth." Okros, at * 9. Here, After reviewing the evidence, the appellate court concluded that the "finder of fact will need only decide whether [Plaintiff's counsel] had cause to know; i.e., whether [he] acted in reckless disregard for the truth, given the information available." Id. at * 12. More critically, to the issue before this Court on remand, the panel stated, "[u]nless there is significant, material evidence as of yet unadmitted, [Plaintiff's counsel] had clear cause to know that he did not actually

subpoena the records, conduct a search, or receive the alleged response from AT&T, and this would likely be sufficient to satisfy this element." Id.

The court of appeals did not end its assessment there. It elaborated the basis of its assessment, noting that the record shows Plaintiff's counsel "had cause to know" that Okros lied about placing the call, that Okros's former live-in girlfiend testified at deposition that the call did not occur, testimony in direct conflict with Okros's testimony that she was present. The other defense witnesses provided inconsistent testimony as to who was present during the phone call, and the events preceding the call, and the contents of the call. Id.

This Court agrees with the Sixth Circuit's analysis of the facts, and the analysis leaves little doubt that Defendant is entitled to a new trial. Plaintiff has offered no new evidence regarding this issue; he merely recycles the arguments advanced on appeal. The Court rejects Plaintiff's assertion that the use of the word "subpoenaed" rather than requested was merely a misstatement, and no correction was needed. In the context of this case and the defense advanced by Iafrate, the significance of the fact that the phone call was not made at the time and place claimed by Okros and his friends cannot be overstated.

## IV.  CONCLUSION

Defendant's Motion for a New Trial is **GRANTED.**  Trial is set for **July 1, 2009**, at 9:00 a.m.

**IT IS SO ORDERED.**

                                                    s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE

DATED: May 12, 2009

## CERTIFICATE OF SERVICE

    Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                                      s/Bernadette M. Thebolt
                                                    DEPUTY CLERK