UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN M. OKROS,

        Plaintiff,

v.

ANGELO IAFRATE CONSTRUCTION COMPANY,

        Defendant.
_____/

Case No. 05-60006
HON. MARIANNE O. BATTANI

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's Motion for Summary Judgment. At a status conference held September 9, 2009, Plaintiff, who appeared *pro se*, requested additional time in which to file a response to the pending summary judgment motion. Plaintiff's response was due October 9, 2009; however, no response has been filed.

The Court has reviewed all of the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, Defendant's motion is **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff John Okros, who has Tourette's Syndrome, sued his former employer, Defendant Angelo Iafrate Construction Company (Iafrate), alleging he was fired in violation of the American with Disabilities Act, 42 U.S.C. § 12101 et seq. At trial, Plaintiff supported his claim through testimony about a phone call he made the day he was fired. According to Plaintiff, he called his former boss, Dave Michael, the Vice President of Operations for Iafrate. Okros testified that he used a speaker phone

located in the bedroom of the apartment Plaintiff shared with his girlfriend. Several friends were present when the call was made, and Okros and his friends all testified that they heard Michael make a derogatory comment about the symptoms Plaintiff's experienced due to Tourette's. Michael denied the phone call even occurred. The jury apparently credited Plaintiff's story, and awarded damages to Plaintiff.

After the trial, Iafrate discovered that the phone records showed no call was made. It requested a new trial on the basis of the newly discovered evidence. The Court denied the motion, finding that Iafrate could have discovered the evidence earlier. Defendant appealed the Court's denial of his motion for a new trial, and the Court of Appeals remanded this matter for proceedings consistent with its opinion that this Court's failure to consider the prospect of fraud on the court constituted an abuse of discretion. See Okros v. Angelos Iafrate Construction Company, No. 07-1455, 2008 WL 4682613 (6th Cir. October 17, 2008). After the Court received the February 5, 2009, Mandate from the Court of Appeals, it granted Defendant's Motion for a New Trial, and scheduled the new trial to begin on July 1, 2009.

Plaintiff moved for reconsideration of the order, and Defendant subsequently filed its Motion for Summary Judgment. The Court adjourned the trial date, and after the Court denied Plaintiff's request for reconsideration, Plaintiff's counsel moved to withdraw. The Court granted the request.

Defendant now seeks an award of summary judgment, arguing that no reasonable juror could find for Plaintiff given the phone record and overwhelming evidence undermining Plaintiff's testimony.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The Court must view the facts in the light most favorable to the nonmoving party, giving him the benefit of all reasonable inferences.  Nevertheless, a moving party is entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial.  Celotex, 477 U.S. at 322-23.

Furthermore, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.  Celotex, 477 U.S. at 323; see Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885-868 (1990).  If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 325.

## III.  ANALYSIS

The gist of Defendant's argument is that because the telephone records show that the phone call did not occur as Plaintiff testified, the Court must award Defendant summary judgment.  At the outset, the Court observes that Plaintiff's failure to respond does not necessarily entitle Defendant to summary judgment.  Nor can Okros satisfy his

3

pleading burden by raising "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or by "conclusory allegations," Lujan, 497 U.S. at 871-73.

He has done more. This matter proceeded to a jury trial, and Plaintiff and several witnesses testified about the circumstances and content of the phone conversation between Okros and Michael. Therefore, the Court is satisfied that contradictory facts require submission to the finder of fact. See Lujan, 497 U.S. at 888 (resolving actual disputes of material facts in favor of nonmoving party "is a world apart from 'assuming' that general averments embrace the 'specific facts' needed to sustain the complaint").

For Defendant to succeed, the Court has to credit the telephone record over the testimony of Plaintiff and several of his friends, who all testified that the phone call took place. Neither case law nor the procedural rules authorize this outcome. A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000) (court may "not make credibility determinations or weigh the evidence"). There is evidence that Okros called Dave Michael, because Plaintiff testified to that fact under oath. Admittedly, Plaintiff's evidence has been weakened significantly by the discovery of the phone records; however, in light of the sworn testimony of Plaintiff and others, the phone records are not so overwhelming that judgment must enter in favor of the movant. Impeaching evidence, which directly conflicts with Okros's testimony does not

end his case.  Defendant may challenge the credibility of Plaintiff and his witnesses at trial, but it is not entitled to summary judgment.

## IV.  CONCLUSION

Accordingly, Defendant's motion is **DENIED**.  The final pretrial conference is scheduled for **December 8, 2009, at 2:30 p.m.**  The trial date will be set at the conference.

**IT IS SO ORDERED.**

                         s/Marianne O. Battani
                         MARIANNE O. BATTANI
                         UNITED STATES DISTRICT JUDGE

DATED:   November 4, 2009


## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record and Plaintiff on this date by ordinary mail and electronic filing.

                         s/Bernadette M. Thebolt
                         Case Manager